# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ULIOUS BROOKS,
      Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
      Respondent.

Case No. 1:10-cv-953

Dlott, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the Court on the petition and respondent's return of writ with exhibits, as well as the transcript of proceedings before the trial court. (Docs. 6, 15, 16).

## I. PROCEDURAL HISTORY
### State Trial Proceedings

On January 23, 2009, the Scioto County, Ohio, grand jury returned an indictment charging petitioner with one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1). (Doc. 15, Ex. 1). Specifically, the indictment charged that petitioner, an SOCF inmate serving an aggregate 14-year prison sentence on criminal charges brought in Cuyahoga County, "knowingly cause[d] serious physical harm" to a correctional officer at SOCF. (*See* Doc. 15, Ex. 1; *see also* Doc. 15, Brief, p. 2 n.3 & Exs. 40-41).

Petitioner filed numerous *pro se* motions objecting to and requesting the dismissal of the indictment on the ground that it contained "defects," which rendered the indictment "illegal and unconstitutional" and, therefore, void. (Doc. 15, Exs. 3-4, 6-7). The trial court summarily denied petitioner's motions as "not well-taken." (Doc. 15, Exs. 5, 8). Petitioner also filed *pro se* motions to suppress evidence, which were overruled by the trial court for lack of specificity. (Doc. 15, Exs. 9-12).

Petitioner was permitted to waive his right to counsel and represent himself. (*see* Doc. 15, Exs. 13-14). With the assistance of stand-by counsel, petitioner entered a guilty plea to a third-degree-felony charge of attempted felonious assault in exchange for the dismissal of the more serious second-degree-felony criminal count; the parties also agreed to the imposition of a one-year prison sentence, to be served consecutively to the sentences imposed in the Cuyahoga County criminal cases. (*See* Doc. 15, Exs. 1, 15; *see also* Doc. 16, Tr. 1).

At the plea hearing held on May 14, 2009, the court explained to petitioner that he was pleading guilty to a "felony of the third degree," which carried a maximum five-year term of imprisonment. (Doc. 16, Tr. 3). The court also informed petitioner that upon his release from prison, he would not be placed in community control in Scioto County, but would be subject to post release control supervision for a maximum period of three years. (Doc. 16, Tr. 3-6). After advising petitioner of the rights he was giving up by entering a guilty plea, petitioner waived those rights both orally and by signing a written "Waiver" entry and "maximum penalty form." (Doc. 16, Tr. 8-10).

In the "Waiver" executed by petitioner and filed with the court, petitioner averred:

I, Ulious Brooks, . . . having been advised by my counsel and by the Court of the charges against me, the penalty provided by law, and of my rights under the Constitution, hereby waive the reading of the indictment, and I understand that I have:

1. The right to a trial by jury with representation by counsel;
2. The right to confront the witnesses against me;
3. The right to compulsory process for obtaining witnesses in my favor;
4. The right to require the state to prove my guilt[] beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

Fully understanding these rights guaranteed me by the Constitution, I hereby waive them in writing. I withdraw my former plea of not guilty, and enter a plea of guilty to the crime of attempted felonious assault in violation of Section 2903.11(A)(1) and 2923.02 of the Ohio Revised Code.

> No promises, threats or inducements have been made to me by anyone to secure my guilty plea.

(Doc. 15, Ex. 15).  The trial court accepted the plea after finding that petitioner was advised of all applicable constitutional rights and understood the nature of the charge and the consequences of the plea.  (Doc. 15, Ex. 15; Doc. 16, Tr. 10-11).

At the May 14, 2009 hearing and in a final judgment entry filed the same date, the trial court sentenced petitioner to a one-year prison term in accordance with the terms of the parties' plea agreement.  (Doc. 15, Ex. 16; Doc. 16, Tr. 12).

### State Post-Conviction Proceedings

Petitioner did not pursue an appeal in the state courts  from his conviction or sentence. (Doc. 15, Brief, p. 2; *see also* Doc. 15, Ex. 37).  Instead, on July 21, 2009, he filed a *pro se* petition to vacate or set aside sentence pursuant to Ohio Rev. Code § 2953.21 with the trial court. (Doc. 15, Ex. 17; *see also* Doc. 15, Ex. 37).  In the post-conviction petition, petitioner claimed that (1) he was "held to answer for an infamous crime without an indictment from a grand jury and was convicted;" and (2) the summons used to bring him before the court on the criminal charge was defective because the "summons upon indictment sheet" did not contain a judicial signature and was not filed with the clerk of courts.  (Doc. 15, Ex. 17, pp. 2-3).  Petitioner filed additional briefs in support of his post-conviction claims.  (Doc. 15, Exs. 18-19).  On October 5, 2009, the trial court summarily overruled the petition, stating only: "The Court has reviewed the file and finds the defendant's motion is not well taken."  (Doc. 15, Ex. 22).

Petitioner timely appealed the trial court's ruling to the Ohio Court of Appeals, Fourth Appellate District.  (*See* Doc. 15, Exs. 27-28).  On June 25, 2010, the appeal was dismissed on the ground that the appellate court lacked jurisdiction to consider the trial court's decision, which did not contain findings of fact and conclusions of law and, therefore, did not constitute a "final

3

appealable order." (Doc. 15, Ex. 30, pp. 4-5). The matter was remanded to the trial court to make the requisite factual findings and legal conclusions. (*See* Doc. 15, Ex. 36). Petitioner timely appealed to the Ohio Supreme Court. (*See* Doc. 15, Exs. 31-32). On October 13, 2010, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 15, Ex. 33).

On February 18, 2011, the trial court issued a Judgment Entry to comply with the Ohio Court of Appeals' remand order. (Doc. 15, Ex. 36). The trial court again overruled petitioner's post-conviction petition; the court reasoned that the motion was "not well taken" because petitioner had "knowingly, voluntarily and intelligently" entered a "fair" plea agreement and was convicted and sentenced in accordance with the terms of that agreement. (Doc. 15, Ex. 36). Respondent states that petitioner did not pursue an appeal in the state courts from the trial court's final entry denying post-conviction relief. (Doc. 15, Brief, p. 6).

### Federal Habeas Corpus

Petitioner filed the instant habeas corpus petition in December 2010. (*See* Doc. 6). He alleges the following grounds for relief:

> **Ground One:** A court or police, or prosecut[o]r cannot issue a summons upon indictment sheet unless it is issued and signed by a judge or a[n] authorized officer of the courthouse which should be backed up by probable cause to constitute the so-called felonious assault evidence in this case. It violated the 14th Amendment.

> **Ground Two:** Well my indictment was not signed by a grand jury or it was not endorsed as a true bill thereon the date of filing it. Less lonely it omitted the words true bill on it. It violated Ohio and constitutional law. The Fifth and 14th Amendment.

(Doc. 6, pp. 5-6).

**II. PETITIONER WAIVED HIS CLAIMS BY PLEADING GUILTY TO ATTEMPTED FELONIOUS ASSAULT; IN ANY EVENT, THE CLAIMS OF DEFECTS IN THE INDICTMENT AND SUMMONS ARE NOT COGNIZABLE IN THIS PROCEEDING**

In the return of writ filed in response to the petition, respondent contends that petitioner waived his claims for relief by entering a guilty plea. (Doc. 15, Brief, p. 11). Respondent also argues that, in any event, the petition is subject to dismissal with prejudice because petitioner's claims are "plainly meritless" and raise only state-law issues that do not constitute cognizable grounds for federal habeas relief.[1] (Doc. 15, Brief, pp. 11-14). Respondent's arguments have merit.

By entering a guilty plea, a defendant waives all non-jurisdictional defects in the trial proceedings. *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). A "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985). Rather, he may only seek to attack the validity of his guilty plea by showing that under the

---

[1] In so arguing, respondent recognized that the petition arguably could be stayed or dismissed without prejudice for exhaustion purposes because the state-court remedy of a delayed appeal under Ohio R. App. P. 5 remains open for petitioner to pursue. (*See* Doc. 15, Brief, pp. 11-12). Although there is a strong presumption in favor of requiring the exhaustion of available state court remedies, the requirement is not jurisdictional and may be excused under certain circumstances –*i.e.*, in cases where the unexhausted claims are plainly meritless, or the petition does not even raise a colorable federal claim, and it therefore is in the interests of the parties and judicial economy to promptly address the merits of the petition. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). Here, as respondent has pointed out, the exhaustion requirement should be excused in the interests of the parties and judicial economy because petitioner waived the claims of error when he entered his guilty plea and, in any event, the petition does not give rise to a colorable federal claim that can be redressed in this proceeding. *Cf. Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004) ("[T]he federal habeas exhaustion doctrine is not meant to apply to purely state law or state constitutional claims, such as technical defects in indictments.") (internal citation and quotation omitted).

circumstances, the plea was not knowingly, intelligently or voluntarily entered. *Tollett,* 411 U.S. at 267; *see also Campbell,* 769 F.2d at 315.

"The principal exception to this rule is the so-called *Blackledge/Menna* principle that 'a plea of guilty to a charge does not waive a claim that–judged on its face–the charge is one which the State may not constitutionally prosecute.'" *United States v. Drew,* 200 F.3d 871, 881 (D.C. Cir. 2000) (quoting *Menna v. New York,* 423 U.S. 61, 62-63 n.2 (1975) (per curiam)); *see also Blackledge v. Perry,* 417 U.S. 21 (1974). Specifically, in *Blackledge,* 417 U.S. at 29-31, the Supreme Court held that the habeas petitioner, who had successfully pursued an appeal to obtain a new trial from a misdemeanor conviction, had not waived a meritorious claim of prosecutorial vindictiveness stemming from the State's decision to pursue a more serious felony charge on remand; the court reasoned that although petitioner had entered a guilty plea to the felony charge, the claim was not waived because it implicated the "right not to be haled into court at all upon the felony charge" and thus "went to the very power of the State to bring the defendant into court to answer the charge brought against him." In *Menna,* 423 U.S. at 61-62, the Supreme Court extended *Blackledge* to allow review of a double jeopardy claim brought by a defendant, who had served a 30-day contempt-of-court civil sentence for his failure to testify before a grand jury; the defendant sought to challenge his subsequent conviction upon entry of a guilty plea to a criminal indictment based on the same conduct. In allowing review, the Court stated: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim *that judged on its face* the charge is one which the State may not constitutionally prosecute." *Id.* at 62.

The *Blackledge/Menna* exception for jurisdictional claims has not been extended "beyond the specific claims alleged in those cases" to encompass anything more than that the

"applicable statute is unconstitutional or that the indictment has failed to state an offense."

*Williams v. Warden, Noble Corr. Inst.,* No. 1:07cv653, 2009 WL 6058620, at * 15 (S.D. Ohio June 4, 2009) (Black, M.J.) (Report & Recommendation) (quoting *United States v. Montilla,* 870 F.2d 549, 552 (9th Cir. 1989) (internal citation and quotation omitted), *amended on other grounds,* 907 F.2d 115 (9th Cir. 1990)), *adopted,* 2010 WL 1031576 (S.D. Ohio Mar. 16, 2010) (Spiegel, J.). In fact, in a later decision, the Supreme Court limited the *Blackledge/Menna* doctrine "to cases in which the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment." *See id.* (citing *United States v. Broce,* 488 U.S. 563, 569, 574-76 (1989)).

In the instant case, petitioner's allegations challenging the propriety of the indictment and summons do not fall within the *Blackledge/Menna* exception or otherwise give rise to concerns of a jurisdictional defect which invalidated petitioner's guilty plea. *See Williams, supra,* 2009 WL 6058620, at * 16; *cf. United States v. Cotton,* 535 U.S. 625, 630-31 (2002) (indictment omissions do not deprive a court of "jurisdiction," or in other words, of "its power to adjudicate a case"); *United States v. Ball*, No. 93-3743, 1993 WL 524240 (6th Cir. Dec. 15, 1993) (in the absence of a showing that the indictment failed to state an offense, or that the defendant did not have notice of the charge against him or was misled by the indictment, the defendant failed to establish a jurisdictional defect which invalidated his guilty plea).[2]

---

[2]*See also Burrows v. Engle,* 545 F.2d 552, 553 (6th Cir. 1976) (guilty plea precluded petitioner from raising a claim based on "allegations of technical defects in the indictment"); *United States v. Quesada-Lerma,* 197 F. App'x 308 (5th Cir. 2006) (per curiam) (defendant waived an indictment-error claim by pleading guilty because an "allegedly defective indictment does not deprive a district court of jurisdiction"); *United States v. Christian,* 184 F. App'x 319, 321 (4th Cir. 2006) (per curiam) (holding that the defendant's challenges to his arrest and indictment were precluded by his guilty plea); *Cannon v. Walton,* No. 1:08cv612, 2010 WL 1253484, at *4 (S.D. Ohio Mar. 4, 2010) (Hogan, M.J.) (Report & Recommendation) (and numerous cases cited therein) (same), *adopted,* 2010 WL 1257911 (S.D. Ohio Mar. 30, 2010) (Dlott, J.).

In any event, petitioner's claims attacking only the manner in which he was charged with a crime and brought before the trial court to answer that charge do not trigger federal constitutional concerns subject to review in this federal habeas proceeding.

It is well-settled that there is not even a federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . .  It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller*, No. 1:09cv698, 2009 WL 6315341, at *9 (N.D. Ohio Dec. 1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433, 2009 WL 3378246, at *1, *20 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.).  As long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied.  *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338; *see also Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006).

Petitioner has not alleged, nor does the record demonstrate, that the indictment failed to provide petitioner with sufficient notice of the essential elements of the felonious assault charge for the purpose of preparing an adequate defense.[3]  In addition, petitioner has not alleged, nor does the record demonstrate, that he entered his plea of guilt to the reduced charge of attempted

---

[3]In the instant proceeding, petitioner alleges only technical defects in the indictment–*i.e.*, that the indictment "was not signed by a grand jury" and "was not endorsed as a true bill."  (*See* Doc. 6, p. 6).  However, it is noted that petitioner argued in pre-plea motions objecting to the indictment that the indictment omitted the essential *mens rea* element of the felonious assault offense.  This contention is belied by the record.  It is clear from the face of the indictment that the *mens rea* element, "knowingly," was included in the charge.  (*See* Doc. 15, Ex. 1).

felonious assault and for a significantly reduced sentence unknowingly, involuntarily or unintelligently. At most, petitioner alleges that the indictment and summons failed to comply with certain state statutory requirements and procedural rules. However, this Court has jurisdiction to review the state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). *Cf. Watley v. Warden Bobby,* No. 1:09cv306, 2010 WL 3257662, at *2 (S.D. Ohio July 6, 2010) (Merz, M.J.) (Report & Recommendation) ("whether the Indictment is defective under Ohio law is irrelevant in a federal habeas corpus case"), *adopted*, 2010 WL 3257647 (S.D. Ohio Aug. 17, 2010) (Beckwith, J.). Therefore, petitioner has not stated a cognizable claim for relief that may be remedied in this proceeding.

Accordingly, in sum, the undersigned concludes that, as respondent has argued in the return of writ, petitioner waived the claims of non-jurisdictional error alleged as grounds for relief in the instant petition when he entered his guilty plea. Moreover, petitioner's allegations of defects in the indictment and summons amount, at most, to claims of error under Ohio law. His allegations are insufficient to give rise to a cognizable federal constitutional claim subject to review in this federal habeas proceeding. Therefore, the petition should be dismissed with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be **DISMISSED** with prejudice.

2.  A certificate of appealability should not issue in this case because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which governs grounds for relief that are denied on procedural grounds, "jurists of reason" would not find it debatable (1) whether this Court is correct in its procedural ruling that petitioner waived his claims of error by entering a guilty plea, or (2) whether petitioner has stated a viable constitutional claim.  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon any showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


 s/Stephanie K. Bowman        
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ULIOUS BROOKS,                            Case No. 1:10-cv-953
        Petitioner

      vs                                Dlott, J.
                                        Bowman, M.J.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
        Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc